860 P.2d 1

Julie HAWLEY, Plaintiff–Appellant,

and

Lanny Hawley, Plaintiff,

v.

Lawrence E. GREEN, M.D., and David L. Matheson, M.D., Defendants–Respondents,

and

David W. Bennett, M.D., George R. Allen, M.D., HCA of Idaho, Inc., dba West Valley Medical Center, and John Does I Through IV, Defendants.

No. 19506.

Court of Appeals of Idaho.

July 20, 1993.

Petition for Review Denied Oct. 20, 1993.

Evans, Keane, Koontz & Gibler, Boise, for plaintiff-appellant. Robert J. Koontz argued.

Quane, Smith, Howard & Hull, Boise for defendants-respondents, Dr. Green; Andrew C. Brassey argued. Moffatt, Thomas, Barrett, Rock & Fields of Boise for respondent, Dr. Matheson; Gerald T. Husch argued.

SWANSTROM, Judge.

This is the second appeal from summary judgments entered in favor of the defendants in this medical malpractice case based on a failure to diagnose a tumor. After a remand order in *Hawley v. Green*, 117 Idaho 498, 504, 788 P.2d 1321, 1327 (1990) (*Hawley I*), the district court again granted summary judgment in favor of the respondents.

The first appeal arose from the district court's grant of summary judgments in favor of the defendants based on the court's conclusion that the action was barred by the statute of limitation set forth in I.C. § 5–219(4). District Judge Dennis Goff presided on the case at that time. The Supreme Court reversed in part and held that the summary judgment record was inadequate to prove that Hawley's tumor was "progressive or otherwise dangerous to the health of the plaintiff" between 1979 and 1983. *Hawley I, supra.* The Supreme Court also affirmed the district court's decision that I.C. § 5–219(4) did not violate art. 1, § 18, of the Idaho Constitution or the equal protection clause of the Idaho and United States Constitutions.

The issues raised by Hawley in this appeal are first, whether the district court erred in granting summary judgments in favor of the respondents, and second, whether the respondents are barred from raising the statute of limitation defense by the principle of equitable estoppel.

### Facts and Procedure

The facts as recited in *Hawley I* are as follows:

On September 1, 1979, the appellant Julie Hawley had a chest X-ray taken at the Caldwell Memorial Hospital, preliminary to surgery for a medical condition unrelated to this action. Defendant, Dr. Bennett, a radiologist, was the doctor who reviewed the chest X-ray and made his report.

On May 21, 1981, Hawley had another chest X-ray taken at Caldwell Memorial Hospital. Defendant, Dr. Matheson, was the radiologist who reviewed this chest X-ray. Neither of the doctors discovered any existing tumors.

In November, 1983, Hawley had an eye examination performed by an ophthalmologist, Dr. Chen, who recommended that Hawley be seen by a neurologist because she was exhibiting symptoms of Horner's Syndrome, a condition often caused by tumors. Defendant Dr. Green, a neurologist, performed an initial examination on November 8, 1983. At this time, Hawley was experiencing no pain or discomfort. Hawley and Dr. Green discussed a possible droopy eyelid and small pupil which the ophthalmologist had noticed, and a possible puffiness on the left side of Hawley's face.

Defendant Green scheduled a neck X-ray for November 8, 1983, and a CT scan for November 11, 1983. The X-ray was reviewed by Dr. Matheson; the CT scan, by Dr. Allen. Dr. Green reviewed the reports of the X-ray and CT scan prepared by Drs. Matheson and Allen. Subsequently, defendant Green informed Hawley that all tests were negative, that she did not have a droopy eyelid, and that she was otherwise normal and healthy except for the puffiness in her cheek which could have been caused by a sinus condition or allergy. Appellant Hawley knew she had an allergy prior to this time. Hawley experienced no pain, discomfort or any other problems after the exam by Dr. Green.

In late 1983 Hawley moved to Oregon where she lived in apparent good health until approximately September, 1986, at which time she began experiencing neck and shoulder stiffness and discomfort. On September 8, 1986, she was exam-

ined, had a chest X-ray and CT scan performed, which revealed a large tumor in her lower left neck and chest area. The tumor was surgically removed on September 22, 1986. In October, 1986, Hawley was informed that the tumor was malignant. She was further informed by the Oregon doctors that the tumor was visible in her X-rays and CT scan taken by defendants in 1979 through 1983.

*Hawley I,* 117 Idaho at 499–500, 788 P.2d at 1322–23.

Judge Goff initially presided over the case and granted summary judgments to the defendants. After the Supreme Court reversed the summary judgments and remanded the case in *Hawley I,* Judge Goff disqualified himself and Judge Doolittle was assigned the case. Pursuant to Hawley's motion, on March 25, 1991, the district court ordered in accordance with I.R.C.P. 41(a)(2) that defendant doctors Bennett and Allen be dismissed with prejudice. Pursuant to a stipulation for dismissal following a settlement, on August 16 the court entered an order dismissing HCA of Idaho, Inc. dba West Valley Medical Center (the hospital) with prejudice. Doctor Matheson moved for summary judgment. On April 1, the district court entered an order granting the summary judgment motion of Dr. Matheson. On April 23, the court granted a motion to amend to include Dr. Green in the order granting summary judgment. On April 30, the court entered judgment for Dr. Green.

Hawley filed a motion to alter the judgments. On May 30, the court granted Hawley's motion to alter and set aside the previously entered judgments, ruling that Hawley had raised material issues of fact regarding equitable estoppel, precluding summary judgment. The court stated that, although the issue of equitable estoppel was not timely raised below prior to or on the appeal in *Hawley I,* the issue was not waived. The court also ruled that the doctrine of the law of the case did not preclude the court from considering the issue.

On July 17, Dr. Matheson filed a second renewed motion for summary judgment.

At a hearing on this motion on August 16, the court indicated that it had erroneously set aside the summary judgment in April, and that it would again grant summary judgment to Dr. Matheson. On August 21, Dr. Green filed a second renewed motion for summary judgment. The Court entered an order granting Dr. Matheson's second renewed motion for summary judgment on August 22. Four days later, Hawley filed her notice of appeal. The court then heard Dr. Green's second renewed motion for summary judgment on September 6 and indicated it would grant the motion. On September 16, the court entered judgment in favor of Dr. Green.

### Motion To Dismiss

■ We must first address a motion filed by Dr. Green to dismiss this appeal on the basis that the appeal is untimely as to him. The facts relative to this motion are as follows. Hawley filed a notice of appeal within the prescribed time from the order and judgment entered for Dr. Matheson. Hawley also contends that her notice of appeal was timely filed from orders and judgments entered in April which had been set aside May 30. Hawley's notice of appeal was also filed after Dr. Green had filed his second renewed motion for summary judgment, but prior to the hearing on the motion. Hawley did not file an amended or a new notice of appeal after the court granted Dr. Green's second renewed motion for summary judgment. Doctor Green contends that as a result, Hawley has failed to properly include any issue with regard to his summary judgment in this appeal.

Although the procedural history has been set forth above, for the sake of clarity we will do so again in a chronological listing:

April 16, 1991—Order on motions for summary judgment for Dr. Matheson and the hospital,

April 23—Amended order for summary judgment in favor of Dr. Green,

April 24—Hawley's motion to alter judgment,

April 29—Summary Judgment for Dr. Matheson,

April 30—Summary Judgment for Dr. Green,

May 30—Order entered setting aside prior judgments in favor of Dr. Matheson, the hospital, and Dr. Green,

June 13—Hospital's motion to alter order, which was withdrawn upon entry of the order of dismissal,

July 17—Dr. Matheson's second renewed motion for summary judgment,

August 16—Hearing on Dr. Matheson's second renewed motion for summary judgment where court indicated it would grant the motion,

August 21—Dr. Green's second renewed motion for summary judgment,

August 22—Order and judgment for Dr. Matheson entered,

August 26—Notice of appeal filed from Order and Judgment dated August 22, as well as other judgments and orders entered in April.

September 6—Hearing on Dr. Green's second renewed motion for summary judgment where court indicated it would grant the motion, and

September 16—Judgment for Dr. Green.

The August 16 hearing was held on Dr. Matheson's renewed motion for summary judgment and the hospital's unrelated motion for dismissal with prejudice pursuant to stipulation. Counsel for Dr. Matheson presented argument in support of his motion. The court minutes of that hearing indicate that counsel for Dr. Green stated that he concurred with the argument in support of Dr. Matheson's motion. He advised that, although his firm had not yet filed a similar motion on Dr. Green's behalf, the court should grant the renewed summary judgment motion as to both doctors. According to the minutes, the court found that it had erred on May 30, when it set aside the summary judgments for Dr. Matheson and Dr. Green. The court thereafter granted Dr. Matheson's second renewed motion for summary judgment, however, no mention was made of Dr. Green.

The issue directly raised by Dr. Green's motion to dismiss is whether Hawley timely appealed from the judgment entered in Green's favor on September 16. He contends that the appeal is not timely with respect to him because the notice of appeal was filed prior to any indication from the court as to how it would rule on his motion, oral or written, and that no new notice of appeal from the judgment was filed within forty-two days of September 16. *See* I.A.R. 14(a). Furthermore, Hawley did not amend her prior notice of appeal in accordance with I.A.R. 17(j).

Hawley concedes that no notice of appeal was filed within forty-two days from September 16, but Hawley does not concede that Dr. Green's motion to dismiss this appeal should be granted. Hawley relies on I.A.R. 17(e)(2) which provides that where a notice of appeal is premature, because it is filed before an appealable written order or judgment is entered, the appeal becomes mature as of the time of that later written entry. Hawley contends that her notice of appeal was merely premature, and that once the district court entered judgment for Dr. Green on September 16, the notice of appeal matured with respect to Dr. Green's summary judgment.

■ Doctor Green contends that I.A.R. 17(e)(2) applies only in situations where the court has orally ruled, thereby indicating the outcome, the notice of appeal is then filed, and the court subsequently enters a written order or judgment consistent with its earlier indication. We agree with this interpretation of I.A.R. 17(e)(2). As Dr. Green correctly points out, the record does not indicate that the court had even considered, much less indicated how it would decide, his second renewed motion for summary judgment prior to the filing of Hawley's notice of appeal.

Doctor Green's statement at the August 16 hearing, that the court should award Dr. Green summary judgment as well as Dr. Matheson, cannot properly be construed as an oral motion for summary judgment. Counsel stated that a similar motion had not yet been filed on behalf of Dr. Green, thereby implying that a written motion

would be filed. Moreover, the court did not rule with respect to Dr. Green, and the minutes do not indicate that counsel for Dr. Green requested that the court rule as to Dr. Green. At the August 16 hearing, the court stated that it would grant summary judgment to Dr. Matheson alone; there is no mention in the minutes as to Dr. Green. Because there was no oral or written order with regard to summary judgment for Dr. Green prior to Hawley's notice of appeal, the I.A.R. 17(e)(2) argument advanced by Hawley is not persuasive. *Cf. Meridian Bowling Lanes, Inc. v. Meridian Athletic Assoc., Inc.,* 105 Idaho 509, 670 P.2d 1294 (1983) (except for the formal written judgments, all claims were resolved prior to the notice of appeal).

■ Hawley also contends that the appeal is proper from the April 30 summary judgment entered in favor of Dr. Green. Hawley argues that the forty-two day time period in which to file an appeal was tolled as provided in I.A.R. 14(a) due to Hawley's April 24 motion to alter judgment, and again tolled due to the hospital's June 13 motion to alter the order. We hold that because the April 30 judgment was set aside pursuant to the May 30 order, it was not a final judgment from which an appeal could be taken. Therefore, we will not further address Hawley's argument that the period to appeal was tolled.

In addition to the August 16 order for summary judgment for Dr. Matheson and the April 30 judgment for Dr. Green, Hawley's notice of appeal recites that the appeal is taken from the April 29 summary judgment for Dr. Matheson, as well as the orders preceding the April 29 and 30 judgments. However, like the April 30 judgment, the April 29 judgment and their respective predated orders were not final. The April 29 and 30 judgments recited in the notice of appeal were set aside by the court's May 30 order. These were the final formal judgments of the earlier orders; therefore, these orders were effectively, although not expressly, set aside in the May 30 order. The April 30 judgment, April 29 judgment and predicate orders were all set aside and, therefore, are not final appealable orders. Hawley's notice of appeal taken from these orders and judgments is not effective.

We note that the August 22 order awarding summary judgment to Dr. Matheson also was not final because it was not certified according to I.R.C.P. 54(b). However, when judgment for Dr. Green was entered on September 16, thereby resolving all claims, the August 22 order and judgment became final for purposes of appeal. *See Wilson v. Hambleton,* 109 Idaho 198, 706 P.2d 87 (Ct.App.1985) (appeal from partial summary judgment without Rule 54(b) certificate could have been dismissed as premature because other counts were still pending, however, when the other two counts were dismissed, the partial summary judgment became final for purpose of appeal).

For the reasons stated above, we grant Dr. Green's motion to dismiss the appeal regarding issues concerning the award of summary judgment in his favor. Although this result appears harsh, because appellate jurisdiction is limited by the time periods specified in the Idaho Appellate Rules, we are constrained to entertain appeals only as provided in the rules.

Because the August 22, 1991, judgment for Dr. Matheson matured for appellate purposes on September 16 and the notice of appeal was timely filed from this judgment, we will address the issues on appeal as they relate to Dr. Matheson.

### Statute of Limitation

■ In determining whether summary judgment was proper, we apply the same standard as the district court, which is set forth in I.R.C.P. 56(c). *Ray v. Nampa School Dist. No. 131,* 120 Idaho 117, 814 P.2d 17 (1991). We will affirm the summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). We will construe the facts in a light most favorable to Hawley and draw all reason-

able inferences in her favor. *Ray v. Nampa School Dist. No. 131, supra.*

The first issue raised by Hawley is whether the district court erred when it concluded that her claims were barred by the statute of limitation, I.C. § 5–219(4), which Dr. Matheson had raised as an affirmative defense. Dr. Matheson reasserts that Hawley incurred damage more than two years prior to her September, 1987, filing with the State of Idaho Board of Medicine, and thus her claims against him are barred.

Idaho Code § 5–219(4) provides that the period to bring "[a]n action to recover damages for professional malpractice" is two years. The statute provides that "the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of. . . ." Our Supreme Court has refined this statement by holding "that a cause of action does not accrue at the time of the act complained of unless some damage has occurred." *Hawley I*, 117 Idaho at 502, 788 P.2d at 1325. The Supreme Court also noted that sometimes "the damage may not occur until some time after the negligent act." *Id.* The statute of limitation will not begin to run until the damages become objectively ascertainable. *Id.* The Supreme Court reaffirmed the definition of "objectively ascertainable" in *Hawley I:* " 'By this, we mean that objective medical proof would support the existence of an actual injury.' " *Hawley I*, 117 Idaho at 502, 788 P.2d at 1325 (quoting *Davis v. Moran*, 112 Idaho 703, 709, 735 P.2d 1014, 1020 (1987)).

The only fact incontrovertibly established in the *Hawley I* record was "that the tumor was evident on the X-rays taken between 1979 and 1983." *Id.*, 117 Idaho at 504, 788 P.2d at 1327. In *Hawley I*, the Supreme Court concluded that the evidence was inadequate to sustain summary judgment for the defendants. As stated in *Hawley I*, Dr. Matheson still

> had the burden of going forward, with uncontradicted evidence, showing that the *tumor which appeared on the 1979–83* X-rays was progressive or otherwise dangerous to the health of the plaintiff in

order to establish that the plaintiff had incurred "some damage" at that time. 117 Idaho at 504, 788 P.2d at 1327.

On remand from *Hawley I*, the district court again granted summary judgment for Dr. Matheson based on affidavit testimony that Hawley's tumor was growing and "progressive" in 1983. Therefore, the court concluded Hawley was suffering objectively ascertainable damages at that time, and the statute of limitation, I.C. § 5–219(4), was thus triggered. Because Hawley did not file her claim with the State of Idaho Board of Medicine until September 4, 1987, the court held that Dr. Matheson had established the statute of limitation bar to Hawley's claims, and her malpractice claims were barred.

Doctor Matheson relied on new affidavits to establish that Hawley was suffering "some damage" between 1979 and 1983. Peter A. Langhus, M.D., a board certified diagnostic radiologist, stated in his affidavit that "[t]he mass or tumor was growing progressively larger at all times between September 2, 1979 and September 8, 1986, including the time between September 2, 1979 and November 8, 1983, . . . ." Dr. John Day, M.D., a board certified clinical and anatomic pathologist, opined in an affidavit that the tumor was probably malignant from the beginning and did not arise from a previously benign tumor. In its April 16 order on motions for summary judgment, the district court ruled that "if there was uncontradicted evidence showing that the tumor was progressive during the 1979–83 period [then] the plaintiff was . . . being damaged. . . ."

Hawley offered affidavits from two doctors, including the surgeon who had removed Hawley's tumor, stating that to suggest that the tumor was malignant from its inception would amount to speculation. They further stated that without a biopsy at a given point in time, it could not be said with a reasonable degree of medical certainty whether the tumor was malignant at any given point.

An isolated reading of the *Hawley I* language "progressive or otherwise danger-

ous" may lead one to think that, where a tumor is progressing or growing, damage would be presumed. However, *Hawley I* and cases cited therein make it clear that the statute of limitation does not begin to run until some damage has occurred. We do not think that the Supreme Court intended that the courts should presume damage. Perhaps in instances where tumors are malignant, mere growth would constitute damage or injury. *See, e.g., Hawley I,* 117 Idaho at 503–04, 788 P.2d at 1326–27 (discussing *Holmes v. Iwasa,* 104 Idaho 179, 657 P.2d 476 (1983)). In this case the record contains conflicting affidavits as to whether it can be said with a reasonable degree of medical certainty that the tumor was malignant from its inception. The record is devoid of evidence establishing how or that in fact mere progressive growth of the tumor, as to which there is conflicting medical opinion on malignancy, damaged Hawley during the relevant period.

Doctor Matheson also asserts that Dr. Green's deposition testimony established some damage between 1979 and 1983. Doctor Matheson contends that Hawley was damaged between 1979 and 1983 by the growing tumor because her pupils differed in size. We disagree with Dr. Matheson's contention that Dr. Green's testimony establishes this allegation. Doctor Green testified that "that [different] pupil size was either a normal variation, such as anisocoria that I mentioned, or it was due to something causing damage to a nerve in that sympathetic nerve system … I don't know which one,…." This equivocal explanation for the size disparity in Hawley's pupils does not establish damage. We cannot affirm the summary judgment absent a showing of some damage, or undisputed evidence that growth or progression amounts to damage. In light of the record before us, we vacate the summary judgment awarded to Dr. Matheson.

### Equitable Estoppel

■ The second issue raised by Hawley is whether Dr. Matheson is equitably estopped from asserting the affirmative defense of statute of limitation. Doctor Matheson contends that the equitable estoppel issue was not raised in the district court prior to *Hawley I,* and thus we should not address it. He also contends that Hawley has not met her burden of proof on all of the elements of equitable estoppel. Hawley maintains that we should address the issue of equitable estoppel because she raised it before Judge Goff in the initial summary judgment proceeding as well as before the Supreme Court in *Hawley I.*

The clerk's record in *Hawley I,* which has been augmented to our record, does not establish that Hawley raised the equitable estoppel issue in the district court prior to the first appeal. In his "Memorandum Decision and Order" dated June 10, 1989, Judge Goff stated, "[p]arenthetically, [this case does not] involve the application of the estoppel doctrine. There is no allegation that the defendants in the case at issue took any action which induced the Plaintiffs to delay in bringing their lawsuit." Hawley correctly asserts that she raised the estoppel issue in her *reply* brief in *Hawley I;* however, the Supreme Court did not address the issue.

After the remand order, Hawley raised the equitable estoppel issue to Judge Doolittle, in her March 22, 1991, "Supplemental Memorandum in Opposition to Defendants' Motion for Summary Judgment." The district court did not address the issue in its April 16, "Order on Motions for Summary Judgment." Thereafter, Hawley again raised the issue in her April 29, "Memorandum in Support of Plaintiff's Motion to Alter Judgment," which the court granted on May 30. In its May 30 order, the court ruled that, although Hawley had not timely raised the issue of equitable estoppel to the district court initially or to the Supreme Court in *Hawley I,* she had not waived the issue. The district court also ruled that Hawley was not barred by the doctrine of law of the case because the issue had not been raised and fully addressed previously by either the district court or the Supreme Court. The court then set aside the previously entered summary judgments, ruling that material questions of fact existed as to the issue of equitable estoppel.

It seems clear to us that Hawley did not effectively raise the issue prior to the remand from *Hawley I.* Judge Goff indicated that she had not made any allegation that the defendants had induced her to forgo bringing suit, and Judge Goff noted only as an aside that the case did not involve estoppel. Hawley's discussion of equitable estoppel in her reply brief in *Hawley I* was untimely. The Supreme Court did not have to reach this issue in *Hawley I,* because issues first raised in a reply brief are not timely. *State v. Phillips,* 117 Idaho 23, 784 P.2d 353 (Ct.App. 1989).

In *Capps v. Wood,* 117 Idaho 614, 790 P.2d 395 (Ct.App.1990) (*Capps II*), we dealt with a similar timeliness issue. In that quiet title case, the Capps failed to raise the issue of an alleged settlement agreement initially and in the first appeal, *Capps v. Wood,* 110 Idaho 778, 718 P.2d 1216 (1986) (*Capps I*). The Capps raised the issue before the district court on remand from the Supreme Court's reversal of summary judgment for the defendants in *Capps I.* In *Capps II,* we held that the settlement agreement issue was not viable because "under the 'law of the case' principle, on a second or subsequent appeal the courts generally will not consider errors which arose prior to the first appeal and which might have been raised as issues in the earlier appeal." *Capps II,* 117 Idaho at 618, 790 P.2d at 399; *see also Red Bluff Mines, Inc. v. Indus. Com'n of Ariz.,* 144 Ariz. 199, 696 P.2d 1348, 1353 (Ct.App. 1984) (question that could have been raised on earlier appeal in workers' compensation case but was not, cannot be considered on second appeal). Hawley has not shown why the equitable estoppel issue was not raised in the district court prior to *Hawley I,* or stated differently, she has not pointed to any new or additional fact or circumstance arising after the remand order which gave rise to the estoppel issue. Because the estoppel argument was clearly available to Hawley prior to *Hawley I,* we will not address the issue.

### Conclusion

We grant Dr. Green's motion to dismiss because Hawley failed to timely appeal from the September 16 judgment and she has failed to establish that Dr. Green is a proper party to this appeal under any Idaho Appellate Rule or other principle. Although Dr. Matheson established that the tumor was "progressing" between 1979 and 1986, he has failed to establish that mere progression constituted damage. There exists a material question of fact as to whether the growth of the tumor from 1979 until September 4, 1985, damaged or injured Hawley and/or whether the tumor was malignant during that time. Because such a question of fact exists as to whether Hawley was damaged more than two years before she filed her claim with the State of Idaho Board of Medicine, Dr. Matheson's summary judgment based on the defense of statute of limitation cannot be sustained. Under the doctrine of law of the case, we will not address the equitable estoppel issue. We vacate the summary judgment awarded to Dr. Matheson and remand the case.

WALTERS, C.J., and SILAK, Acting Judge, concur.