200 P.3d 1201

**Glen A. WELLER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 34805.**

Court of Appeals of Idaho.

Dec. 17, 2008.

Review Denied Feb. 19, 2009.

Glen A. Weller, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Thomas Tharp, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Glen A. Weller appeals from the summary dismissal of his petition for post-conviction relief. The principal issue presented is the State's assertion that Weller's premature notice of appeal was not effective to perfect an appeal from the district court's final order of dismissal. We hold that the notice of appeal

was sufficient, but we affirm the district court's dismissal order.

## I.

## FACTS AND PROCEDURE

Weller pleaded guilty to lewd conduct with a minor child under sixteen, Idaho Code section 18–1508. The district court imposed sentence and retained jurisdiction in a judgment of conviction filed on October 4, 2005. On March 22, 2006, the district court relinquished jurisdiction. No direct appeal from the judgment of conviction was filed.

On September 27, 2007, Weller, acting pro se, filed the present action for post-conviction relief. His petition alleged that his defense attorney was ineffective for failing to advise Weller of his constitutional right not to participate in a psychosexual evaluation prior to sentencing and for failing to file a direct appeal from the judgment of conviction as Weller allegedly requested.

On October 29, 2007, the district court filed a notice of intent to dismiss the petition on the ground that it was time-barred by the one-year statute of limitation in I.C. § 19–4902. The notice further stated:

> IT IS ORDERED, pursuant to I.C. § 19–4906, that Weller's petition shall be dismissed as untimely on November 22, 2007, unless prior to 10:00 a.m. on said date Weller shall file a reply showing some arguable basis for avoiding the time bar of I.C. § 19–4902.

Weller did not respond to the notice by the submission of argument or evidence to the district court. Instead, on November 19, 2007, he filed a notice of appeal from the district court's notice of intent to dismiss. Four days later the district court entered an order formally dismissing the petition on the ground stated in the notice. Still acting pro se on appeal, Weller challenges the dismissal order.

## II.

## ANALYSIS

### A. This Court Has Jurisdiction Over this Appeal

 We must first address the State's assertion that this Court is without jurisdiction to hear this appeal because Weller did not file a timely notice of appeal. An action for post-conviction relief is civil in nature and is generally governed by the Idaho Rules of Civil Procedure and the Idaho Appellate Rules. *Lamm v. State,* 143 Idaho 763, 765, 152 P.3d 634, 636 (Ct.App.2006). The failure to timely file a notice of appeal is jurisdictional and causes dismissal of an appeal. I.A.R. 21; *In re Universe Life Ins. Co.,* 144 Idaho 751, 755, 171 P.3d 242, 246 (2007); *Baker v. State,* 142 Idaho 411, 418, 128 P.3d 948, 955 (Ct.App.2005). Whether a Court lacks jurisdiction is a question of law over which we exercise free review. *Crabtree v. State,* 144 Idaho 489, 493, 163 P.3d 1201, 1205 (Ct.App.2006).

Generally speaking, an appeal may be taken only from judgments, orders and decrees that are final, I.C. § 1–204; I.A.R. 11(a)(1), and a notice of appeal must be filed within forty-two days after entry of such final judgment. I.A.R. 14. Here, the State argues, Weller's notice of appeal was filed from a non-appealable order-the district court's notice of intent to dismiss-and therefore the notice of appeal was not effective to perfect an appeal from the dismissal order that was ultimately issued. The State relies upon *Pulver v. State,* 92 Idaho 627, 448 P.2d 241 (1968), where a post-conviction petitioner attempted to appeal from a district court's notice of intent to dismiss. Our Supreme Court noted that such a notice of intent is an interlocutory order that is not appealable and that the record contained no indication that the application for post-conviction relief had ever been formally dismissed. *Id.* at 628, 448 P.2d at 242. Accordingly, the Supreme Court dismissed the appeal. This case is distinguishable from *Pulver,* however, because here the district court entered a final order dismissing the petition four days after Weller's notice of appeal was filed. Hence, there presently exists in the record a final and appealable order. The question presented, therefore, is whether Weller's notice of appeal, though premature, was nevertheless sufficient to effectuate an appeal from the final order.

Idaho Appellate Rule 17(e)(2) provides that a premature notice of appeal will be valid upon the filing of an appealable order or judgment:

(2) Premature Filing of Notice of Appeal. A notice of appeal filed from an appealable judgment, order or decree before formal written entry of such document shall become valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment, order or decree, without refiling the notice of appeal.

The State contends that this rule does not save the present appeal, relying primarily upon *Hawley v. Green,* 124 Idaho 385, 387–89, 860 P.2d 1, 3–5 (Ct.App.1993). In *Hawley,* the plaintiff sued multiple defendants. The district court granted defendant Matheson's motion for summary judgment and entered judgment for Matheson. Hawley filed a notice of appeal the next day while defendant Green's motion for summary judgment was still pending. Thereafter, Green's motion was granted and judgment for Green was entered, disposing of all claims in the case. Hawley did not file another notice of appeal, and Green moved to dismiss the appeal as to himself. Hawley contended that I.A.R. 17(e)(2) operated to make his prior notice of appeal mature as to Green once the final judgment was entered. This Court disagreed, holding:

Doctor Green contends that I.A.R. 17(e)(2) applies only in situations where the court has orally ruled, thereby indicating the outcome, the notice of appeal is then filed, and the court subsequently enters a written order or judgment consistent with its earlier indication. We agree with this interpretation of I.A.R. 17(e)(2). As Dr. Green correctly points out, the record does not indicate that the court had even considered, much less indicated how it would decide, his second renewed motion for summary judgment prior to the filing of Hawley's notice of appeal.

*Id.* at 388, 860 P.2d at 4.

We conclude that *Hawley* does not preclude application of Rule 17(e)(2) to validate Weller's premature notice of appeal. Admittedly, the district court here had not orally announced a final decision before Weller filed his notice of appeal. However, unlike in *Hawley,* the district court here had expressed its *intention* to dismiss Weller's petition. Moreover, the notice stated that the "petition shall be dismissed as untimely on November 22, 2007," unless Weller showed a basis to avoid the statute of limitation. This could be understood as an automatic dismissal on that date without any further action by the district court. Weller could have reasonably believed that if he did not file a notice of appeal within forty-two days from the filing of the notice of intent to dismiss, his appeal would be precluded.

Finally, we note that our state appellate courts have generally been liberal in their treatment of premature notices of appeal. If the rule were construed strictly, a notice of appeal filed from a purely *non-appealable* interlocutory order (such as an order for *partial* summary judgment where no I.R.C.P. 54(b) certificate of finality has been obtained), would not be effective to perfect an appeal upon the subsequent entry of a final judgment, and the failure to file another notice of appeal from that final judgment would be fatal. Yet, many Idaho cases hold otherwise. *See In re Universe Life Ins. Co.,* 144 Idaho at 756–757, 171 P.3d at 247–48; *Meridian Bowling Lanes, Inc. v. Meridian Athletic Ass'n, Inc.,* 105 Idaho 509, 510–11, 670 P.2d 1294, 1295–96 (1983); *Hawley,* 124 Idaho at 387–89, 860 P.2d at 3–5 (appeal as to defendant Matheson); *Jarman v. Hale,* 122 Idaho 952, 954–55, 842 P.2d 288, 290–91 (Ct. App.1992), *abrogated on other grounds by Puckett v. Verska,* 144 Idaho 161, 166, 158 P.3d 937, 942 (2007). We also note that in *North Pacific Ins. Co. v. Mai,* 130 Idaho 251, 252–53, 939 P.2d 570, 571–72 (1997) and *Kindred v. Amalgamated Sugar Co.,* 118 Idaho 147, 149, 795 P.2d 309, 311 (1990), our Supreme Court considered interlocutory appeals taken to that Court without the appellant having obtained permission as required by I.A.R. 12. In each case, the Supreme Court decided to go forward and consider the appeal on the merits. The Supreme Court treated the issue as a discretionary matter in deciding whether to allow the appeals to proceed, and exercised its discretion in favor of resolving the cases on the merits. Plainly,

the Supreme Court did not consider the violation of Rule 12 to be jurisdictional. *See also State v. McCarthy*, 133 Idaho 119, 123, 982 P.2d 954, 958 (Ct.App.1999).

The State's position on this issue exalts form over substance. The adoption of I.A.R. 17(e)(2) indicates "a policy of judicial fairness, preserving appeals for determination on their merits rather than penalizing litigants for their eagerness in seeking appellate review." *State v. Gissel*, 105 Idaho 287, 290, 668 P.2d 1018, 1021 (Ct.App.1983). The mistiming of the notice of appeal in this case caused no prejudice to the State. Accordingly, we hold that Weller's premature notice of appeal was effective as an appeal from the subsequently issued final dismissal order and that this Court has jurisdiction to hear the matter.

**B. Issues Raised for the First Time on Appeal Will Not be Addressed**

■ We turn then to the merits. Idaho Code section 19–4902 provides that a post-conviction action may be filed within one year from the expiration of the time for appeal from the judgment of conviction or from the determination of an appeal in the criminal case or from the determination of a proceeding following an appeal, whichever is later. In Weller's judgment of conviction filed on October 4, 2005, the district court imposed sentence and retained jurisdiction. On March 22, 2006, the district court relinquished jurisdiction over Weller. No direct appeal from the judgment of conviction was filed. Under these circumstances Weller had one year and forty-two days from March 22, 2006, in which to file his petition for post-conviction relief.[1] Weller did not file his petition until September 27, 2007, well after the limitation period had expired. Therefore, unless there is a basis to toll the statute of limitation, his petition was properly dismissed as untimely. *See Sayas v. State*, 139

Idaho 957, 959, 88 P.3d 776, 778 (Ct.App. 2003).

■ Weller's arguments on appeal are difficult to discern. Among other things, he appears to assert that his petition was filed late because he was denied access to the courts. *See Anderson v. State*, 133 Idaho 788, 792–93, 992 P.2d 783, 787–88 (Ct.App. 1999). In any event, it is not necessary to precisely identify Weller's issues on appeal because he did not respond to the district court's notice of intent to dismiss with evidence or argument as to why his petition should not be dismissed as untimely. He did not assert to the district court that the statute of limitation should be tolled for any reason. It is a longstanding rule of our appellate courts that issues raised for the first time on appeal will not be addressed. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). That rule applies also to post-conviction cases. *Fairchild v. State*, 128 Idaho 311, 318, 912 P.2d 679, 686 (Ct.App. 1996). Further, an appellate court is not the place for factual assertions; factual assertions must be made and supported with admissible evidence before the trial court. *State v. Camarillo*, 116 Idaho 413, 414, 775 P.2d 1255, 1256 (Ct.App.1989). Therefore, to the extent that Weller attempts to argue on appeal a basis to toll the statute of limitation, we will not consider it because that issue is raised for the first time on appeal.

Because Weller has presented no cognizable basis to overturn the district court's dismissal order, the order dismissing Weller's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge PERRY concur.

---

1. The district court ruled that Weller had one year and forty-two days from October 4, 2005, the date of the entry of the judgment of conviction, in which to file his petition. This is incorrect. Idaho Appellate Rule 14(a) provides: "In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code." Thus, the time to appeal from the judgment of conviction in this case began to run on March 22, 2006, the date of the order relinquishing jurisdiction. This error, however, has no effect on the disposition of this case.