## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 38090

| | | |
|---|---|---|
| IN THE MATTER OF THE DRIVER'S LICENSE SUSPENSION OF MARK EUGENE JOHNSON. | ) ) ) | 2012 Opinion No. 31 |
| ------------------------------------------------------------ | ) | Filed: May 31, 2012 |
| MARK EUGENE JOHNSON, | ) ) | Stephen W. Kenyon, Clerk |
| Petitioner-Respondent, | ) ) | |
| v. | ) ) | |
| STATE OF IDAHO, TRANSPORTATION DEPARTMENT, | ) ) ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County.  Hon. John R. Stegner, District Judge.

Order of the district court vacating the hearing officer's decision, vacated; appeal dismissed.

Edwin L. Litteneker, Lewiston, for appellant.

Siebe Law Offices, PLLC, Moscow, for respondent.  James E. Siebe argued.
_____

PERRY, Judge Pro Tem

The Idaho Department of Transportation (ITD) appeals from the district court's order vacating the hearing officer's decision to sustain the suspension of Mark Eugene Johnson's driver's license.  ITD claims that the district court lacked jurisdiction to enter a stay pending judicial review because Johnson did not exhaust his administrative remedies.[1]  ITD also claims the court lacked jurisdiction to vacate the hearing officer's decision because Johnson filed his petition for judicial review prior to receiving a final, appealable order.  ITD argues in the alternative that if the district court had jurisdiction, then it erred when it overturned the hearing

---

[1]    ITD's counsel conceded at oral argument that if this Court determines that the district court did not have jurisdiction to vacate the hearing officer's decision, then it is unnecessary for the Court to address the stay.

officer's finding that the breath test was administered in compliance with Idaho Code § 18-8004(4) in regard to the fifteen-minute monitoring period.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2009, Johnson was arrested and charged with driving under the influence in violation of I.C. § 18-8004. After his arrest, Johnson was transported to the Nez Perce County Jail by Sergeant Lee because the arresting officer, Deputy Rodriguez, transported Johnson's dog to Johnson's home. Once Deputy Rodriguez returned, he replaced Sergeant Lee in observing Johnson. According to Deputy Rodriguez's subsequent affidavit, the two officers observed Johnson for a combined time of approximately thirty-four minutes before Johnson took the breathalyzer test. However, neither officer individually monitored Johnson continuously for the required fifteen minutes immediately prior to Johnson submitting to the breath test. The breath test samples showed a result of .167 and .168, and ITD served Johnson with a notice of administrative license suspension (ALS), pursuant to I.C. § 18-8002A, due to his failure of the breath test. Johnson also received a notice of a commercial driver's license (CDL) disqualification pursuant to I.C. § 49-335 that was dated October 19, 2009, and effective on November 9, 2009.

Johnson requested an ALS hearing to contest his license suspension, which was held on November 2, 2009. At the hearing Johnson argued that the fifteen-minute observation period was not complied with according to the standard operating procedures. On November 4, 2009, Johnson also requested an administrative hearing to contest his CDL disqualification. On November 6, 2009, Johnson filed a petition for judicial review seeking review of the notice of CDL disqualification and the proposed ALS. Johnson also filed with the district court a motion to stay his driver's license suspension pending a decision on his ALS hearing and CDL disqualification.[2] At the time of the November 6 filings, the hearing officer had not issued the

---

[2] ITD notes that the Idaho Rules of Administrative Procedure promulgated by the Idaho Attorney General provide the proper avenue to petition an agency for a stay. The relevant provision states: "Any party or person affected by an order may petition the agency to stay any order, whether interlocutory or final. Interlocutory or final orders may be stayed by the judiciary according to statute. The agency may stay any interlocutory or final order on its own motion." IDAPA 04.11.01.780. However, it should also be noted that at the time Johnson requested a stay from the district court, November 6, 2009, ITD's own rules provided that a hearing officer's failure to issue the findings of fact, conclusions of law and order prior to the expiration of a

findings of fact, conclusions of law and order on Johnson's ALS and no hearing had been held on his CDL disqualification.

On November 24, 2009, the district court stayed the CDL disqualification in the event that Johnson's driving privileges were reinstated by ITD. The hearing officer sustained Johnson's license suspension pursuant to I.C. 18-8002A on December 9, 2009; after a separate hearing, Johnson's CDL disqualification was also sustained on December 19, 2009. On February 23, 2010, ITD filed a motion with the district court to dismiss the stay on the basis that Johnson had prematurely sought judicial review prior to the hearing officer's issuance of a decision. The district court denied that motion on March 24, 2010. On September 10, 2010, the district court overturned the license suspension on the basis that substantial and competent evidence did not support the hearing officer's finding that the police officers complied with the fifteen-minute observation period. ITD timely appealed.

## II.

## DISCUSSION

The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court, acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

---

suspended driver's thirty-day temporary permit "shall not be grounds for staying or vacating the suspension." Former IDAPA 39.02.72.600.01.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67-5279(3).

The ALS statute, I.C. § 18-8002A, requires that ITD suspend the driver's license of a driver who has failed a BAC test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of an ALS may request a hearing before a hearing officer designated by ITD to contest the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 588, 83 P.3d 130, 132 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds are:

> (a) The peace officer did not have legal cause to stop the person; or
> (b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (c) The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (d) The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or
> (e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7). The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133.

4

**A.       Final Order**

ITD claims that the district court lacked subject matter jurisdiction to hear Johnson's petition for judicial review. The issue of whether the district court had jurisdiction over an action is one of law, over which this Court exercises free review. *Troupis v. Summer*, 148 Idaho 77, 79, 218 P.3d 1138, 1140 (2009). The failure to file a timely petition for judicial review is jurisdictional and causes automatic dismissal of the petition. I.R.C.P. 84(n).

The Idaho Constitution allows the legislature to delimit the district courts' appellate jurisdiction. IDAHO CONST. art. V, § 20.[3] Actions by state agencies are not subject to judicial review unless expressly authorized by statute. I.R.C.P. 84(a)(1). Without an enabling statute, the district court lacks subject matter jurisdiction. *See, e.g.*, *In re Williams*, 149 Idaho 675, 678-79, 239 P.3d 780, 783-84 (2010) (dismissing a petition for review for lack of jurisdiction because no statute authorized an appeal); *Taylor v. Canyon County Bd. of Comm'rs*, 147 Idaho 424, 431-32, 210 P.3d 532, 539-40 (2009) (same); *cf. Regan v. Kootenai County*, 140 Idaho 721, 726, 100 P.3d 615, 620 (2004) (holding that a reviewable final order is necessary for subject matter jurisdiction). The Idaho Administrative Procedure Act, I.C. §§ 67-5201 to 5292, governs judicial review of agency actions. *Gibson v. Ada County Sheriff's Dep't*, 139 Idaho 5, 7, 72 P.3d 845, 847 (2003) (citing I.C. §§ 67-5201, -5270). Idaho Code § 67-5270 allows petitions for review of a final order in a contested case if the petitioner "complies with the requirements of sections 67-5271 through 67-5279, Idaho Code." I.C. § 67-5270(3).

Pursuant to I.R.C.P. 84(b)(1), "a petition for judicial review from an agency to district court must be filed with the appropriate district court within twenty-eight (28) days after the agency action is ripe for judicial review under the statute authorizing judicial review," unless a different time is prescribed by statute. Idaho Code § 18-8002A(8) provides: "A party aggrieved by the decision of the hearing officer may seek judicial review of the decision in the manner provided for judicial review of final agency action provided in chapter 52, title 67, Idaho Code." At the time this action arose (2009), I.C. § 67-5273(2) stated in relevant part: "A petition for judicial review of a final order . . . must be filed within twenty-eight (28) days of the issuance of

---

[3]       The Idaho Constitution states: "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." IDAHO CONST. art. V, § 20.

the final order . . . or, if reconsideration is sought, within twenty-eight (28) days after the decision thereon."[4]

When read together, I.C. §§ 67-5270 and 67-5273 require a petition for judicial review to be filed within twenty-eight days after a final, appealable order or the petition would not be proper. Johnson acknowledges that the hearing officer had not filed a final, appealable order[5] at the time he filed his petition for judicial review. However, Johnson argues that the district court had jurisdiction because a petition for judicial review is akin to an appeal, and through Idaho Appellate Rule 17(e)(2) a "premature" notice of appeal does not need to be refiled. The State responds that the Idaho Appellate Rules, and specifically Rule 17(e)(2), are inapplicable to the case at hand because the petition for judicial review initiates a new action and not an appeal.

Even if this Court applied I.A.R. 17(e)(2) in the same manner that the district court did, the rule does not save Johnson's premature filing. Idaho Appellate Rule 17(e)(2) provides: "A notice of appeal filed from an appealable judgment or order before formal written entry of such document shall become valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment or order, without refiling the notice of appeal." This Court has held in *Hawley v. Green*, 124 Idaho 385, 860 P.2d 1 (Ct. App. 1993) that for I.A.R. 17(e)(2) to apply to a premature filing, the lower court must have orally ruled and thereby indicated the outcome. *Id.* at 388, 860 P.2d at 4. More recently, this Court in *Weller v. State*, 146 Idaho 652, 200 P.3d 1201 (Ct. App. 2008) upheld a premature filing because the "district court . . . had expressed its *intention* to dismiss Weller's petition." *Id.* at 654, 200 P.3d at 1203 (emphasis in original).

In the present case, Johnson's ALS hearing was conducted on November 2, 2009, but there was apparently no oral ruling at that time. On November 6, 2009, Johnson prematurely

---

[4]     Idaho Code § 67-5273(2) was amended in 2010 such that the period for filing a petition for judicial review now begins to run on the date of service. 2010 Idaho Sess. Laws, ch. 255, § 5, p. 648. The amendment, however, has no bearing on the determination of this case.

[5]     The Idaho Supreme Court has held, "As a general rule, a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties." *Camp v. East Fork Ditch Co.*, Ltd., 137 Idaho 850, 867, 55 P.3d 304, 321 (2002). The same requirement applies to a final order under Idaho Code § 67-5270(3). A final order would be one that resolves all issues, or the last unresolved issue, presented in the contested case so that it constitutes a final determination of the rights of the parties. If issues necessary for a final determination of the parties' rights remain unresolved, there is no final order. *In re Nagle*, 126 Idaho 139, 140, 879 P.2d 602, 603 (1994).

filed a petition for judicial review and a petition for stay pending judicial review. The hearing officer did not sustain the license suspension until December 8, 2009. Furthermore, Johnson filed a motion for reconsideration of the hearing officer's decision on December 22, 2009, which was denied on January 10, 2010. According to *Weller* and *Hawley*, Johnson's premature filing would be effective only if the hearing officer orally ruled or expressed his intentions to sustain Johnson's license suspension at some point prior to Johnson filing his petition for judicial review. *See Weller*, 146 Idaho 652 at 654, 200 P.3d at 1203; *Hawley*, 124 Idaho at 388, 860 P.2d at 4. The record here does not demonstrate that the hearing officer expressed, either orally or in some other fashion, his intention of sustaining Johnson's license suspension prior to Johnson filing his petition for judicial review on November 6, 2009.[6] Thus, even if this Court were to apply I.A.R. 17(e)(2) to a petition for judicial review as though it were analogous to a notice of appeal, it does not save Johnson's premature filing.

For the reasons stated above, we dismiss the district court's order vacating the hearing officer's decision. Johnson had twenty-eight days to file a petition for review of the hearing officer's decision, and his time began to run on January 10, 2010, the date his motion for reconsideration was denied; it has since expired.[7] Although this result appears harsh, jurisdiction for judicial review in this case is limited by the time periods specified in I.C. § 67-5273(2) and applicable rules, and this Court has no authority to disregard those limits.

As noted above, the appellant conceded at oral argument that if this Court determined the district court lacked subject matter jurisdiction on the petition for judicial review, then it would be unnecessary to address whether the district court had jurisdiction to grant the stay of Johnson's CDL privileges. Likewise, without jurisdiction, this Court will not address the remaining issue of whether the police officers complied with the fifteen-minute observation period.

---

[6] There is no transcript for the ALS hearing because the hearing officer only heard argument from counsel and did not receive testimony from any witnesses, only affidavits.

[7] Idaho Code § 67-5273(3) allows "[t]he time for filing a petition for review shall be extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies, if the attempts are clearly not frivolous or repetitious. *See, e.g.*, *Petersen v. Franklin County*, 130 Idaho 176, 185, 938 P.2d 1214, 1223 (1997).

**B.      Attorney Fees**

ITD requests an award of attorney fees pursuant to I.C. § 12-117(1).  The parties are not eligible for attorney fees under I.C. § 12–117(1), which permits fees "in any administrative proceeding or civil judicial proceeding."  As the Idaho Supreme Court recently held, a petition for judicial review of an agency action is neither an administrative proceeding nor a civil judicial proceeding, so I.C. § 12-117(1) does not enable the courts to award attorney fees in cases that originated in court by petition for judicial review.  *Smith v. Washington County Idaho*, 150 Idaho 388, 391, 247 P.3d 615, 618 (2010).  Neither party can collect fees under I.C. § 12-117(1) for this appeal.

## III.

## CONCLUSION

The district court lacked subject matter jurisdiction, as does this Court, to consider Johnson's petition for judicial review.  The order reversing ITD's decision to sustain Johnson's license suspension is vacated and the appeal dismissed.  No attorney fees are awarded.

Judge LANSING and Judge MELANSON **CONCUR.**