## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45285

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 16, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) SUBSTITUTE OPINION |
| DAVID CHARLES GLODOWSKI, | ) THE COURT'S PRIOR OPINION |
| | ) DATED MARCH 6, 2019, IS |
| Defendant-Appellant. | ) HEREBY WITHDRAWN |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Appeal from judgment of conviction for failing to update sex offender registration, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

David Charles Glodowski appeals from his judgment of conviction for failing to update his sex offender registration, a violation of Idaho Code § 18-8309. For the reasons set forth below, we affirm the judgment of conviction.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

While living in Wisconsin, Glodowski pled guilty to third degree sexual assault, a violation of Wis. Stat. Ann. § 940.225(3) (Wisconsin conviction). As a result, Glodowski was required to register in Wisconsin as a sex offender. In 2014, Glodowski relocated to Idaho. The Bureau of Criminal Identification (bureau), a division of the Idaho State Police (ISP), reviewed Glodowski's prior Wisconsin conviction to determine whether Glodowski must register as a sex

offender under the Idaho Sexual Offender Registration Notification and Community Right-to-Know Act (SORA), I.C. §§ 18-8301 to -8331.

In July 2014, the bureau issued an "Agency's Findings of Fact, Conclusions of Law, and Final Order Regarding Sex Offender Registration" (final order). In this final order, the bureau found Glodowski's victim was fourteen years old and concluded that Glodowski's Wisconsin conviction is substantially equivalent to a violation of I.C. § 18-1508, prohibiting lewd conduct with a minor child. Further, the bureau concluded that Glodowski's Wisconsin conviction equated to an aggravated offense under I.C. § 18-8303(1) and that Glodowski is required to register in Idaho for life. A certificate of service accompanied the bureau's final order showing service on Glodowski by mail on the same day the final order was issued.

The final order informed Glodowski that he could file a motion for reconsideration within fourteen days of service or appeal to the district court within twenty-eight days. There is no record that Glodowski ever sought reconsideration or appealed the final order. Instead, Glodowski registered in Idaho as a sex offender.

After registering, Glodowski was repeatedly warned about his failures to comply with the registration rules. When Glodowski failed to return his quarterly address verification form, it was discovered in May 2016 that he had moved without providing notice of his new address. As a result, the State charged Glodowski with a violation of I.C. § 18-8309 for failing to update his registration information.

Before trial, the State filed a motion in limine to obtain a pretrial ruling that Glodowski's Wisconsin conviction is substantially equivalent to I.C. § 18-1508 and also to I.C. § 18-6101, defining rape. The day before Glodowski's trial in April 2017, the district court held a telephonic hearing during which it ruled that, as a matter of law, Glodowski's Wisconsin conviction is substantially equivalent to both I.C. §§ 18-1508 and 18-6101. The district court also entered a written order stating the same ruling.

The case then proceeded to trial, and the district court instructed the jury that a violation of Wis. Stat. Ann. § 940.225(3) is substantially equivalent to a violation of I.C. §§ 18-6101 or 18-1508. The jury found Glodowski guilty for failing to update his sex offender registration.

2

Glodowski timely appeals. He challenges only the district court's ruling that his Wisconsin conviction and I.C. § 18-1508 are substantially equivalent.[1]

## II.

## STANDARD OF REVIEW

Neither Glodowski nor the State has raised a question of subject matter jurisdiction. Regardless, if there is a jurisdictional defect, this Court has both the authority and the obligation to address the issue, even if the parties failed to raise it. *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011); *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003). A question of jurisdiction is fundamental, cannot be ignored, and should be addressed before considering the appeal's merits. *Kavajecz*, 139 Idaho at 483, 80 P.3d at 1084. The question of jurisdiction is a question of law over which this Court exercises free review. *Id.*; *see also In re Johnson*, 153 Idaho 246, 250, 280 P.3d 749, 753 (Ct. App. 2012).

## III.

## ANALYSIS

We conclude that the district court lacked authority, and thus it lacked jurisdiction, to review and redetermine whether Glodowski's Wisconsin conviction is substantially equivalent to an offense in Idaho. Such a determination is exclusively within the ISP's authority. SORA applies to "any person who . . . has been convicted of any crime . . . in another jurisdiction . . . that is substantially equivalent to the offenses listed in [I.C. § 18-8304(1)(a), which includes I.C. §§ 18-1508 and 18-6101] and enters this state to establish residence . . . ." I.C. § 18-8304(b). The Idaho Legislature delegated to the ISP the authority to promulgate rules to implement SORA. I.C. § 18-8304(4); *Doe v. State*, 158 Idaho 778, 782, 352 P.3d 500, 504 (2015). In turn, the ISP delegated its authority to the bureau "to issue final orders on [its] behalf in instances where the bureau determines an offender's registration requirement based upon a conviction of a substantially similar or substantially equivalent crime." IDAPA 11.10.03.003.02. The ISP regulations clearly provide that "the bureau shall determine if a person's out-of-jurisdiction conviction is substantially equivalent or similar to an Idaho sex related offense . . . for the purposes of requiring a person to register in Idaho." IDAPA 11.10.03.012.08.b.

---

[1] In his opening brief, Glodowski also argued that the district court erred when instructing the jury. On reply, however, he concedes the invited error doctrine bars this challenge.

If an alleged sex offender disagrees with the bureau's final order determining the substantial equivalency of an out-of-jurisdiction conviction with an Idaho sex offense, his recourse is to timely appeal that order to the district court. The Idaho Constitution limits the district courts' appellate jurisdiction providing that: "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." IDAHO CONST. art. V, § 20. Review of an agency action is an appellate function, and "[a]ctions by state agencies are not subject to judicial review unless expressly authorized by statute." *Johnson*, 153 Idaho at 250, 280 P.3d at 753. Without an enabling statute, the district court lacks subject matter jurisdiction to review an agency action. *See, e.g.*, *Cobbley v. City of Challis*, 143 Idaho 130, 133, 139 P.3d 732, 735 (2006) ("Judicial review of an administrative decision is wholly statutory; there is no right of judicial review absent the statutory grant.").

The Idaho Administrative Procedure Act (APA), I.C. §§ 67-5201 to 5292, is the enabling act permitting the district court's review of the bureau's final order, and the provisions of the APA constrain that review. The ISP's regulations provide that "the bureau's determination is a declaratory ruling as defined by [the APA]" and that "judicial review of the bureau's determination shall be in accordance with [the APA]." IDAPA 11.10.03.012.08.f., 08.g. Idaho Code § 67-5270(3) allows a petition for review of a final order if the petitioner "complies with the requirements of sections 67-5271 through 67-5279, Idaho Code." Importantly, the APA limits the timeframe for an appeal of the bureau's final order. As stated in the bureau's final order, a petition for review *must* be filed within twenty-eight days of the final order's service date, within twenty-eight days of an order denying reconsideration, or within twenty-one days of the agency's failure to act on a petition for reconsideration, whichever occurs later. I.C. §§ 67-5273(2), 67-5246(4). The timely filing of the petition for judicial review within this provision is jurisdictional. *Knox v. State*, 162 Idaho 729, 731, 404 P.3d 1280, 1282 (Ct. App. 2017); *see also Johnson*, 153 Idaho at 250, 280 P.3d at 753 ("The failure to file a timely petition for judicial review is jurisdictional . . . .").

Pursuant to the ISP's delegation of authority to implement SORA, the bureau issued its final order on July 1, 2014, determining Glodowski's Wisconsin conviction is substantially equivalent to an offense under I.C. § 18-1508. Accordingly, any timely appeal of that final order to the district court would have likely had to occur in 2014. *See* I.C. § 67-5246(4) (requiring

4

petition for reconsideration within fourteen days of final order); I.C. § 67-5273(2) (requiring appeal to district court within twenty-eight days). Whether any such appeal ever occurred is unclear from the record. What is clear, however, is that Glodowski did in fact register in Idaho as a sex offender, including in January 2016. The fact that he registered more than eighteen months after the bureau issued its final order necessarily indicates that Glodowski either never challenged the bureau's final order or, at most, unsuccessfully challenged it.

Regardless, the bureau's final order is conclusive as to the determination that Glodowski's Wisconsin conviction is substantially equivalent to a violation of I.C. § 18-1508. *C.f. Cobbley*, 143 Idaho at 134, 139 P.3d at 736 ("[I]f the exclusive and otherwise unavailable method is set forth in the provided-for judicial review procedures, one cannot challenge in a separate civil suit the action of a board where that board has acted on matters within its jurisdiction."). Glodowski did not timely challenge the bureau's determination under the APA, and he cannot now collaterally attack that determination. *See id.* The district court lacked authority, and thus it lacked jurisdiction, to review and redetermine whether Glodowski's Wisconsin conviction is substantially equivalent to any Idaho offense.

While the district court did not address the question of its jurisdiction, it did rely upon *Doe*, 158 Idaho at 780, 352 P.3d at 502, to guide its substantial equivalency analysis. We note that the appeal in *Doe* arose in a different manner than under the APA as outlined above. Our decision in this case, however, is not inconsistent with *Doe*, which is distinguishable. In that case, Doe was a registered sex offender who resided in Washington but was contemplating a move to Idaho. *Id.* at 779, 352 P.3d at 501. Before moving to Idaho, Doe sought a determination of whether his Washington conviction was substantially equivalent to an Idaho offense, thereby requiring him to register in Idaho. *Id.* at 780, 352 P.3d at 502. After being notified by the ISP's legal counsel that he would have to register in Idaho, Doe filed a petition in district court for declaratory judgment under I.C. § 10-1202 regarding whether his Washington conviction was substantially equivalent to an Idaho offense. *Doe*, 158 Idaho at 780, 352 P.3d at 502. The district court dismissed the petition, concluding Doe lacked standing because he did not live in Idaho, was not yet required to register in Idaho, and had not been threatened with prosecution for failing to register in Idaho. *Id.* at 781, 352 P.3d at 503.

The Supreme Court in *Doe* reversed. *Id.* at 784, 352 P.3d at 506. It reasoned that a declaratory judgment is permissible to determine the applicability of an agency rule, as

distinguished from a review of an agency's final order as in this case. *Id.* at 782, 352 P.3d at 504. Additionally, the Court reasoned that the ISP did not have a process for providing an advisory ruling for a nonresident and that this inadequate remedy was an exception to the requirement that Doe must exhaust his administrative remedies. *Id.* Neither of these reasons, however, provides the district court in this case with jurisdiction to redetermine whether Glodowski's Washington conviction is substantially equivalent to an Idaho sex-related offense. Unlike Doe, Glodowski lives in Idaho, is required to register in Idaho pursuant to the bureau's final order, and was charged with failing to maintain his registration.

## IV.

## CONCLUSION

The bureau's final order concluding that Glodowski's Wisconsin conviction was substantially equivalent to an Idaho sexual offense and that Glodowski is required to register in Idaho as a sex offender is final. The district court lacked authority, and thus it lacked jurisdiction, to review and redetermine the issue of whether Glodowski is required to register in Idaho. Regardless, the district court correctly instructed the jury that Glodowski is required to register as a sex offender in Idaho, as the bureau's final order requires. Therefore, we affirm the judgment of conviction.

Judge HUSKEY and Judge LORELLO **CONCUR**.