**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44807**

| | |
|---|---|
| In the Matter of the Agency's Finding of Fact, Conclusions of Law and Final Order Regarding Sex Offender Registration. ) ) ) | |
| TRAVIS DAVID KNOX, ) | 2017 Opinion No. 47 |
| ) | |
| Petitioner-Appellant, ) | Filed: September 29, 2017 |
| ) | |
| v. ) | Karel A. Lehrman, Clerk |
| ) | |
| STATE OF IDAHO, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Order of the district court affirming the Idaho Central Sex Offender Registry's final order, affirmed.

Clark and Feeney; Kate A. Hawkins, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Cheryl Rambo, Deputy Attorney General, Meridian, for respondent.

_____

GRATTON, Chief Judge

Travis David Knox appeals from the district court's order affirming the Idaho Central Sex Offender Registry's final order. The final order determined that Knox must register as a sex offender for as long as he lives in Idaho because his sex offense convictions in Oregon are equivalent to an aggravated offense in Idaho. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2002, Knox was convicted in Oregon of rape in the third degree, Oregon Revised Statutes § 163.3551,[1] and sexual abuse in the second degree, OR. REV. STAT. § 163.425.[2] In

_____

[1] Rape in the third degree is defined by Oregon statute as:

1

2003, Knox moved to Lewiston, Idaho. He registered as a sex offender in Idaho. On June 2, 2015, Knox filed a petition for release from registration requirements and expungement of his record.[3] However, on August 5, 2015, in a separate action, the Idaho Central Sex Offender Registry (Registry), an Idaho State Police agency, issued a final order pursuant to Idaho Code §§ 18-8304(1)(b), 18-8304(4) and Idaho Administrative Procedures Act (IDAPA) 11.10.03.000-012 determining that Knox's sex offense convictions in Oregon were substantially equivalent to I.C. § 18-1508, lewd conduct with a minor under sixteen.[4] The final order further determined the convictions are equivalent to an aggravated offense pursuant to I.C. § 18-8303(1). As a result,

---

> (1) A person commits the crime of rape in the third degree if the person has sexual intercourse with another person under 16 years of age.
>
> (2) Rape in the third degree is a Class C felony.

OR. REV. STAT. § 163.355.

[2] Sexual abuse in the second degree was defined by Oregon statute in 2002 as:
> (1) A person commits the crime of sexual abuse in the second degree when that person subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.142, penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor and the victim does not consent thereto.
>
> (2) Sexual abuse in the second degree is a Class C felony.

OR. REV. STAT. § 163.425.

[3] Knox's June 2, 2015, petition has been stayed pending the outcome in this matter.

[4] Lewd conduct with a minor child under sixteen is defined by Idaho Code § 18-1508 as:
> Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism as defined in section 18-1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

Knox is required to continue registration as a sex offender for as long as he resides in Idaho. On September 4, 2015, Knox sought judicial review of the Registry's final order by the district court. The district court affirmed the Registry's final order. Knox timely appeals.

## II.

## ANALYSIS

### A. Jurisdiction

As an initial matter, the Registry argues that the district court lacked jurisdiction to rule on Knox's petition for judicial review of the agency's final order because he failed to timely file it. Thus, the Registry avers, the district court erred in denying the Registry's motion to dismiss. Idaho Code § 67-5273(2) states that a petition for review of a final order "must be filed within twenty-eight (28) days of the service date of the final order." The filing of a petition for judicial review within the time permitted by statute is jurisdictional. *Grand Canyon Dories, Inc. v. Idaho State Tax Comm'n*, 121 Idaho 515, 516, 826 P.2d 476, 477 (1992). Idaho Administrative Procedures Act Rule 04.11.01.055 sets forth the rules the agency must follow for service. The rule allows the agency to serve documents by regular mail to the party's last known mailing address. However, the rule also requires service must be made on the representatives of each party.

> The officer designated by the agency to serve documents in a proceeding must serve all orders and notices in a proceeding on the representatives of each party designated pursuant to these rules for that proceeding and upon other persons designated by these rules or by the agency.

IDAPA 04.11.01.055.04.

As stated above, on August 5, 2015, the Registry issued its final order and Knox filed a petition for judicial review thirty days later, on September 4, 2015. The Registry's final order was sent to Knox's home address. The Registry had notice that Knox was represented by counsel because approximately two months earlier, the Registry had received the petition for release from registration requirements and expungement of record from Knox's counsel. There is nothing in the record to indicate that, in addition to sending the final order to Knox's home address, the Registry served the final order on Knox's counsel. Where service was not made on Knox's representative, the twenty-eight-day period to appeal did not run and this Court has jurisdiction to hear the matter.

3

**B.** **Constitutional Issues**

**1.** **Ex post facto doctrine**

Knox argues that the Registry's final order was arbitrary, capricious, or an abuse of discretion. Knox bases this argument on his claim that the Registry made an equivalency determination in 2003 when Knox first moved to Idaho and then made a redetermination in 2015.[5]

The Idaho Sexual Offender Registration Notification and Community Right-to-Know Act (SORA) requires a person sentenced for an offense identified in the Act to register with the Registry. I.C. § 18-8306(1). The registry is maintained on a publicly accessible website. SORA applies, in relevant part, to anyone "who has a foreign conviction that is substantially equivalent to the offenses listed in paragraph (a) of this subsection." I.C. § 18-8304(1)(b). The legislature delegated to the Idaho State Police the authority to implement SORA and establish the Registry. I.C. § 18-8304(4); *Doe v. State*, 158 Idaho 778, 782, 352 P.3d 500, 504 (2015). The Idaho State Police then promulgated "Rules Governing the Sex Offender Registry" ("Registry Rules") for administration of the Registry. IDAPA 11.10.03.000-012. The Registry Rules apply to "[a] person convicted of a sex offense in another jurisdiction and who moves to . . . Idaho." IDAPA 11.10.03.012(08). The Registry Rules state the process for appeals of agency decisions, IDAPA 11.10.03.003, and the process for obtaining and appealing "substantially equivalent" determinations, IDAPA 11.10.03.012(08).

Until July 1, 2009, only certain specifically enumerated sexual offenses qualified as aggravated offenses, including I.C. § 18-1508, lewd conduct with a minor, when the victim was less than twelve years old. *See* 2009 Idaho Sess. Laws, ch. 250 § 1, p. 761. In 2009, the legislature amended the definition to provide that lewd conduct with a minor was an aggravated offense, regardless of the age of the victim. 2009 Idaho Sess. Laws, ch. 250, § 1, p. 761. Knox's victim in the Oregon convictions was fifteen years old. Knox avers that in 2003, the Registry determined that Knox's Oregon convictions were equivalent to I.C. § 18-1508 (lewd conduct with a minor) and I.C. § 18-6101 (rape). Therefore, Knox claims his offense should not be

---

[5]     Knox refers to an Equivalency Board as the agency who made the equivalency determination of Knox's Oregon convictions in 2015. However, the equivalency determination was made by the Registry.

4

considered an aggravated offense because when he moved to Idaho in 2003, I.C. § 18-1508 was not an aggravated offense if the victim was fifteen years old.

As the State notes, Knox does not point to anything in the record before this Court to demonstrate that such an equivalency determination was made in 2003. The exhibits which purport to do so are screenshots of the online sex offender registry attached to petitioner's written response to respondent's post-hearing case law notes. However, the screenshots indicate that Knox's offender profile was updated on February 10, 2015. There is no indication of a 2003 determination. Regardless, this Court has unambiguously rejected Knox's argument. The constitutions of Idaho and the United States prohibit ex post facto laws. U.S. Const. art. I, § 10, cl. 1; Idaho Const. art. I, § 16. "[T]he ex post facto doctrine prohibits a state from retroactively increasing the punishment for criminal acts." *State v. Gragg*, 143 Idaho 74, 75, 137 P.3d 461, 462 (Ct. App. 2005). But "civil proceedings" do not amount to a violation of the ex post facto clauses. *Id*. at 76, 137 P.3d at 463. Whether a statutory scheme is civil or criminal is a question of statutory construction. *Id*.; *see Smith v. Doe*, 538 U.S. 84, 92 (2003).

> The process of statutory construction begins by determining "whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." Thereafter, a seven-factor, nonexhaustive test is used to determine whether the effects of the regime are so punitive so as to overcome the State's intention to create a civil proceeding.

*Groves v. State*, 156 Idaho 552, 554, 328 P.3d 532, 534 (Ct. App. 2014) (quoting *Gragg*, 143 Idaho at 76, 137 P.3d at 463).

A defendant convicted of a sex offense is generally required to register for life. But there is a statutory provision that allows a registrant to petition the district court to be excused from registering if the crime was not an aggravated offense.[6] Aggravated offenses require lifetime registration without exception. As noted above, I.C. § 18-1508 was not listed as an aggravated offense when Knox moved to Idaho (except in cases where the victim was under twelve years

---

[6] Registration under this act is for life; however, any offender, other than a recidivist, an offender who has been convicted of an aggravated offense, or an offender designated as a violent sexual predator, may, after a period of ten (10) years from the date the offender was released from incarceration or placed on parole, supervised release or probation, whichever is greater, petition the district court for a show cause hearing to determine whether the offender shall be exempted from the duty to register as a sexual offender.

I.C. § 18-8310(1).

old), but "[a] long line of Idaho cases have upheld SORA over ex post facto challenges." *Groves*, 156 Idaho at 555, 328 P.3d at 535. This Court has "concluded that the effects of sex offender registration are not so punitive as to override the legislative intent to create a civil, regulatory scheme." *Id*. And the statutory scheme expressly applies retroactively to any person who

> [p]leads guilty to or has been found guilty of a crime covered in this chapter prior to July 1, 1993, and the person, as a result of the offense, is incarcerated in a county jail facility or a penal facility or is under probation or parole supervision, on or after July 1, 1993.

I.C. § 18-8304(d); *see also Bottum v. Idaho State Police, Bureau of Criminal Identification Cent. Sex Offender Registry*, 154 Idaho 182, 183, 296 P.3d 388, 389 (2013). Therefore, the retroactive application of SORA to Knox will be upheld unless that application results in a constitutional violation.

### 2. Due process rights

Knox also argues that the district court erred in determining that the Registry was not required to provide Knox any additional due process prior to issuing its final order. The Registry is a state agency under the IDAPA. I.C. § 67-5201(2). A final order issued by an agency arising out of a contested case proceeding constitutes agency action. I.C. § 67-5201(3). Judicial review of agency action is governed by IDAPA. I.C. § 67-5201(1). In an appeal from the decision of the district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty., ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions violate statutory or constitutional provisions; exceed the agency's statutory

6

authority; are made upon unlawful procedure; are not supported by substantial evidence in the record; or are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, it shall be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

Knox first asserts that he was not afforded the due process protections owed to him in an administrative law proceeding. Knox avers that a determination as to his sex offender status was first made when he moved to Idaho in 2003 and then again in 2015, and neither time was he given the opportunity to present evidence on his own behalf. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

Knox also argues that the 2009 amendment to SORA violates his right to due process. As noted above, in 2009, I.C. § 18-1508 was classified as an aggravated offense regardless of the victim's age. Prior to that, I.C. § 18-1508 was deemed an aggravated offense only if the victim was less than twelve years old. Knox's victim in the Oregon convictions was fifteen years old. Thus, when Knox moved to Idaho and registered as a sex offender in 2003, there was no "aggravated offense" under SORA. At that time, any sexual offender other than a "violent sexual predator" could petition for exemption from registration. Thus, Knox submits that the Registry's determination that his Oregon convictions are equated to an aggravated offense in Idaho is tantamount to being classified as a "violent sexual predator."

Knox has failed to provide a cognizable liberty or property interest in obtaining release from registration to support his due process claim. This Court has previously held that a sex offender seeking to determine whether his offense was an aggravated offense was afforded procedural due process prior to his conviction. *Groves*, 156 Idaho at 558, 328 P.3d at 538. In *Groves*, the defendant had been granted a hearing to determine if he had committed an aggravated offense, but was not allowed to call witnesses because he had failed to provide notice of his intent to do so. *Id.* at 557, 328 P.3d at 537. The defendant claimed that he was entitled to additional due process because labeling his convicted offenses as "aggravated" created a "badge

7

of infamy" that created a liberty interest in a hearing where he could call his witnesses. *Id*. This Court held that "the duty to register is triggered 'solely on the fact of conviction of a predicate offense' and because an offender was provided due process to dispute that charge prior to his conviction, he is not entitled to additional due process." *Id*. (quoting *Smith v. State*, 146 Idaho 822, 828, 203 P.3d 1221, 1227 (2009)). Similarly, Knox was provided due process to dispute his underlying charges in Oregon, and he was subsequently convicted.

Knox attempts to distinguish the case at bar from *Groves* by highlighting the fact that his conviction occurred in another state, and thus, he was not "subjected to and provided the required due process under the criminal procedures of the State of Idaho." In support of this contention, Knox cites an Idaho Supreme Court decision in which the Court held that Idaho's administrative process for designating a person a "violent sexual predator" failed to comport with the constitutional requirement of procedural due process. *Smith*, 146 Idaho at 827, 203 P.3d at 1226. The Court reasoned that "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Id*. (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971)). The Court further noted that the "violent sexual predator" designation functions as a "badge of infamy" because it affirmatively labels an offender. *Smith*, 146 Idaho at 827, 203 P.3d at 1226. Furthermore, the designation "is based upon a factual determination of probable future conduct; i.e., that the offender poses a high risk of committing an offense or engaging in predatory sexual conduct." *Id*. at 828, 203 P.3d at 1227.

As this Court concluded in *Groves*, "the holding in *Smith* regarding 'violent sexual predators' is inapposite." *Groves*, 156 Idaho at 558, 328 P.3d at 538. This Court further noted that the reasoning in *Smith* shows that Knox's due process claim is meritless.

> The determination that an offense is an "aggravated offense" is analogous to the determination of which offenders must register and is not analogous to designating a person a "violent sexual predator." As is relevant here, I.C. § 18-8303 defines an "aggravated offense" and does so by reference to the crime charged. This is analogous to the provision in I.C. § 18-8304 that sets forth the crimes that trigger a duty to register. Both the duty to register and eligibility to seek an exemption from the duty to register are triggered "simply by reason of conviction for a specified crime."

*Groves*, 156 Idaho at 558, 328 P.3d at 538.

This Court also observed that designating an offense an "aggravated offense" does not affix any "badge of infamy" because it is a classification of the offense, not the offender.

8

Moreover, unlike the "violent sexual predator" label, the determination that an offense is aggravated does not label a person as having been specifically found to be likely to engage in any specific conduct in the future. Ultimately, this Court held that Groves was afforded procedural due process prior to his conviction. *Id*. Similarly, Knox was also afforded procedural due process prior to his conviction in Oregon. The Idaho appellate courts have made clear that sex offenders do not have an additional due process right based merely upon a sex offense conviction unless a "badge of infamy" is attached. That is not case here and Knox does not have an additional due process right.

Finally, Knox argues that the provisions of SORA which make up the statutory framework for equivalency determinations present "significant constitutional shortcomings." It is unclear to this Court whether Knox is arguing that the statutory framework is unconstitutional on its face or just as they have been applied to him. Regardless, the previously cited case law demonstrates that either claim is without merit. The Registry issued a declaratory ruling in Knox's case as envisioned by I.C. § 67-5278(3). The ruling was made after the Registry engaged in a comparison of the Oregon statutes upon which Knox was convicted and the sex offenses listed in I.C. 18-8304(1). The Registry then determined that Knox's Oregon sex offense convictions were substantially equivalent to I.C. § 18-1508, lewd conduct with a minor under the age of sixteen. Knox was provided a process to contest that ruling through judicial review of the Registry's final order. Therefore, the Registry was not required to provide Knox with any additional due process prior to the issuance of its determinations that Knox's sex offense convictions were substantially equivalent to at least one of Idaho's sex offenses enumerated in I.C. § 18-8304(1)(a). The district court did not err in determining that Knox's due process rights were not violated.

## C.    Attorney Fees

The Registry asks this Court to award attorney fees pursuant to I.C. § 12-117 on the basis of the jurisdictional issue. An award of attorney fees may be granted to the prevailing party and such an award is appropriate when the "nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). Although the Registry is the prevailing party in this matter, it did not prevail on the jurisdictional issue. Further, we cannot say that this appeal was without a reasonable basis in fact or law. Therefore, we will not award attorney fees.

9

## III.

## CONCLUSION

The district court's order affirming the Registry's final order determining that Knox must register as a sex offender for as long as he lives in Idaho because his sex offense convictions in Oregon are equivalent to an aggravated offense in Idaho is affirmed. Additionally, we decline to award attorney fees to the Registry. Costs are awarded to the Registry.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.